# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAURIE B. WILLIAMS, TRUSTEE

                Plaintiff/Appellant,

                vs.                              Case No. 07-1158-JTM

TRANSAM TRUCKING, INC.,

                Defendant/Appellee.

## MEMORANDUM AND ORDER

Appellant Laurie B. Williams, Trustee, (Williams) brings this appeal from the United States Bankruptcy Court for the District of Kansas, Case No. 06-10280, against appellee Transam Trucking, Inc. (TransAm), in which the Bankruptcy Court ruled that the cause of action for personal injuries of debtor Heather Webb passed to her employer, TransAm pursuant to K.S.A. 44-504(c).  For the following reasons, this court affirms the bankruptcy court.

### I.  Standard of Review

On appeal from the bankruptcy court, the district court sits as an appellate court.  *In re Barber*, 191 B.R. 879, 882 (D. Kan. 1996).  When reviewing an order of a bankruptcy court, findings of fact will not be set aside unless clearly erroneous.  *In re* Fullmer, 962 F.2d 1463, 1466 (10th Cir. 1992).  Conclusions of law, however, are subject to de novo review.  *In re Mullet*, 817 F.2d 677, 678-79 (10th Cir. 1987).

## II.  Factual Background

The parties stipulated to most of the facts in this case.  On August 20, 2003, debtor Webb sustained injuries from an accident that occurred in the scope and course of her employment with TransAm.  As a result of her work-related injury, TransAm paid Webb worker's compensation benefits for medical care and treatment, and temporary disability.  Webb filed an application for hearing before the Kansas Division of Worker's Compensation on April 21, 2004, and ultimately settled her claim with TransAm on January 17, 2005, receiving a total sum of $50,535.64 in paid worker's compensation benefits from TransAm.

Webb and TransAm were named defendants in an interpleader petition filed by the negligent party's insurer in a Missouri court on about July 15, 2004.  Webb did not answer, but TransAm did answer the interpleader action on July 28, 2004, asserting its subrogation rights under K.S.A. § § 44-504(b) and (d), which gives TransAm a statutory subrogation lien for all benefits it paid Webb against any recovery from a negligent third party causing the accident.

On April 20, 2005, approximately twenty months after the accident, State Farm Mutual Automobile Insurance Company (State Farm), who was an additional insurer of the tortfeasor, intervened as a party plaintiff in the interpleader action.  Webb and her husband answered the State Farm petition on July 27, 2005, and subsequently filed for bankruptcy on March 15, 2006, which was three weeks after State Farm offered $64,500 in settlement.  The claim with State Farm was ultimately settled for $70,000 on July 20, 2006.

Four weeks after the State Farm settlement, the Trustee commenced an adversary proceeding to determine the validity of TransAm's statutory lien under the Worker's

2

Compensation Act to recover the settlement proceeds.  The trustee sought to avoid the worker's

compensation lien on the basis of K.S.A. 44-504(b), which provides:

> In the event of recovery from such other person by the injured worker or the
> dependents or personal representatives of a deceased worker by judgment, settlement
> or otherwise, the employer shall be subrogated to the extent of the compensation and
> medical aid provided by the employer to the date of such recovery and shall have a
> lien therefor against the entire amount of such recovery, excluding any recovery, or
> portion thereof, determined by a court to be loss of consortium or loss of services to
> a spouse . . .

K.S.A. 44-504(b).   The bankruptcy court also considered, K.S.A. 44-504(c), which provides:

> Failure on the part of the injured worker, or the dependents or personal
> representatives of a deceased worker to bring such action within the time specified
> by this section, shall operate as an assignment to the employer of any cause of action
> in tort which the worker or the dependents or personal representatives of a deceased
> worker may have against any other party for such injury or death, and such employer
> may enforce the cause of action in the employer's name or in the name of the worker,
> dependents or personal representatives for their benefit as their interest may appear
> by proper action in any court of competent jurisdiction . . .

K.S.A. 44-504(c).  The bankruptcy court found that K.S.A. 44-504(b) requires that action must

be instituted within one year of the date of injury, and that debtor Webb failed to take action to

secure her claim against her tortfeasor until well after the year had passed.  Reading the statutes

together, the bankruptcy court concluded that the employer's interest arises only when the injured

worker obtains a recovery before the twelve month period ends or after the twelve months has

elapsed without the injured worker pursuing a claim.  In short, the bankruptcy court held that

because the injured worker (Webb) had not pursued a claim, that claim was assigned by

operation of law to TransAm.

### III.  Analysis

On appeal, trustee Williams argues that the bankruptcy court erred in holding that Webb did not pursue a remedy by proper action in a court of competent jurisdiction within one year. Williams argues that because Webb was a named defendant in an interpleader action that was filed within one year of the accident, she was litigating issues arising out of her personal injuries, and thus was pursuing a remedy by proper action, as required by statute.  Without reference to legal authority, Williams argues that Kansas law does not require her to file an action as a plaintiff, but merely to litigate the issues, which she argues Webb did as a defendant in the interpleader action.  Accordingly, Williams argues that the bankruptcy court erred, and thus the cause of action should not transfer to defendant TransAm, and should instead remain property of the bankruptcy estate.

In reply, TransAm trucking argues that the statutes in question clearly required Webb to file an action as a plaintiff, and that being named a defendant in an interpleader action is insufficient to satisfy the statutory requirements of "prosecuting" and "instituting" an action. Further, TransAm argues that the bankruptcy court correctly determined that Webb forfeited any claim she could have asserted herself under K.S.A. § 44-504(b) because she failed to answer the interpleader action.  Finally, TransAm requests that this court award it all costs associated with this appeal, pursuant to Fed. Bank. Rule Proc. 8014.

Here, the court need not reach the issue of whether being named as a defendant in an interpleader action constitutes prosecuting a claim, because although Webb was named in the suit, she did not answer or take any affirmative steps for well over a year.  Simply being named in a suit, without responding in any affirmative matter, does not rise to the level of prosecuting a

claim, and thus the bankruptcy court's ruling was sound.  This is not to mean, however, that actively responding as a defendant in an interpleader would not constitute prosecuting a claim, and thus prevent waiver.  That issue need not be reached by this court, however, because Webb did nothing as a defendant for well over a year after the accident occurred.  Accordingly, the bankruptcy court is affirmed, and judgment for TransAm against the trustee should stand.

### IV.  Costs of Appeal

In its brief, TransAm requests that this court award it all costs associated with this appeal, pursuant to Fed. Bank. Rule Proc. 8014, which provides: "Except as otherwise provided by law, agreed to by the parties or ordered by the district court or bankruptcy appellate panel, costs shall be taxed against the losing party on appeal."  The court notes, however, that the rule does not include attorneys' fees as one of the costs to be taxed, except, arguably, where the appeal is frivolous or brought in bad faith.  *See, e.g., Rush v. Rush*, 100 B.R. 55, 57 (D. Kan. 1989).  In this case, the appeal did not appear to be in bad faith, and thus attorneys fees will not be awarded. Further, the rule grants broad discretion to the district court.  *See, e.g.,* 10-8014 COLLIER ON BANKRUPTCY, *Part VIII Bankruptcy Rules, Appeals to District Court or Bankruptcy Appellate Panel, Chapter 8014 Costs, 15th Revised Edition p. 8014.01* (noting that although the general rule provides that costs are taxed against the losing party on appeal, "the district court . . . has the discretion to order a different result.").  Exercising that discretion, costs will not be taxed against the losing party on appeal, and thus TransAm's request is denied and each party is required to bear its own costs.

IT IS ACCORDINGLY ORDERED this 26th day of March, 2008, that the bankruptcy court is affirmed and the costs of the appeal shall not be taxed to the appellant.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE